ATLANTIC MAINTENANCE COM-
PANY, Petitioner,

v.

NATIONAL LABOR RELATIONS
BOARD, Respondent.

No. 13894.

United States Court of Appeals
Third Circuit.

Argued June 5, 1962.

Decided June 20, 1962.

John Edward Sheridan, Philadelphia, Pa., for petitioner.

Gary Green, Silver Spring, Md. (Stuart Rothman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Samuel M. Singer, Atty., National Labor Relations Board, on the brief), for respondent.

Before GOODRICH, McLAUGHLIN and STALEY, Circuit Judges.

PER CURIAM.

Petitioner (Atlantic) seeks review of an order of the National Labor Relations Board directing it to cease and desist from discouraging union membership and from interfering with its employees' right to organize. The Board also ordered Atlantic to offer employment to certain named persons and to pay them back wages. Petitioner seeks to have the order set aside. The Board requests enforcement of the order.

■ Petitioner attacks two factual conclusions of the Board: first, that the persons allegedly discriminated against had applied for employment with Atlantic; and, second, that Atlantic's refusal to hire those persons was the result of a determination not to employ union members. We think there is support for these findings. The Board could properly have found that name-and-address slips filled out in response to a request by Atlantic's foreman constituted applications for work; and there was testimony by a former partner in the enterprise, one Braman, from which the Board could have found unlawful motivation.

■ Atlantic also says that a necessary element of any violation of the National Labor Relations Act is an "actual or constructive contract of employment" which was unlawfully breached. Whether or not there was a completed contract here, as the Board found, is arguable. But even if there was not, this would not excuse the petitioner. A discriminatory refusal to hire in itself is a violation of the Act. Phelps Dodge Corp. v. N. L. R. B., 313 U.S. 177, 61 S.Ct. 845, 85 L. Ed. 1271 (1941).

There is no merit in the petitioner's objections to the remedy.

The order of the Board will be enforced.